AETNA CASUALTY & SURETY COMPANY, a corporation, Plaintiff,

v.

Carl M. FAIRCHILD, John Francis Richards, Terry F. Kerr, Lana L. Kerr, and/or Carl M. Fairchild and Carl O. Fairchild, d/b/a Division I, American Universal Insurance Company and May Trucking Company, an Idaho corporation, Defendants.

GRANITE STATE INSURANCE COMPANY, a corporation, Plaintiff in Intervention,

v.

AETNA CASUALTY & SURETY COMPANY, a corporation, Carl M. Fairchild, John Francis Richards, and May Trucking Company, an Idaho corporation, Defendants in Intervention.

Civ. No. 83–1509.

United States District Court, D. Idaho.

Jan. 16, 1986.

R.B. Kading, Jr., Howard W. Carsman, Eberle Berlin Kading Turnbow & Gillespie, Boise, Idaho, for Aetna Cas. & Sur. Co.

Gregory R. Giometti, Quane Smith Howard & Hull, Boise, Idaho, for American Universal Ins. Co.

Charles F. McDevitt, Givens McDevitt Pursley Webb & Buser, Boise, Idaho, for May Trucking Co.

R.B. Rock, Kirk B. Helvie, Moffatt Thomas Barrett & Blanton, Boise, Idaho, for Granite State Ins. Co.

## ORDER

RYAN, District Judge.

On January 14, 1986, the court heard oral argument on Aetna Casualty & Surety Company's (Aetna) Motion for Reconsideration. Aetna seeks reconsideration of the court's earlier order granting summary judgment in favor of American Universal Insurance Company (American). In granting summary judgment in favor of American, the court declared that the American policy did not provide coverage because the antedated public liability endorsement was procured by fraud and, therefore, was void *ab initio.*

The court finds, upon reconsideration, that the record currently before the court does not establish undisputed facts supporting American's position. The court is unable to hold as a matter of law that coverage did not exist under the policy in effect at the time the accident occurred or under the public liability endorsement subsequently issued. Consequently, the motion to reconsider is well taken and that portion of the court's October 23, 1985, 620 F.Supp. 1245, order granting American's Motion for Summary Judgment must be rescinded.

The court also notes that Aetna has implicitly sought summary judgment on its behalf through its motion to reconsider. Again, the record reflects a dispute of facts on the issue of coverage under both the pre-accident policy and the public liability endorsements issued subsequent to the accident.

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that Aetna's Motion for Reconsideration should be, and is hereby, GRANTED.

IT IS FURTHER ORDERED that that portion of the court's October 23, 1985, order granting American's Motion for Summary Judgment should be, and is hereby, RESCINDED.

IT IS FURTHER ORDERED that all discovery in this matter shall be completed on or before April 30, 1986.

IT IS FURTHER ORDERED that the parties shall file with the court a written status report on or before May 9, 1986, which report shall outline the efforts and progress towards settlement, possibility of settlement, prospective trial time, and any other information reasonably necessary to advise the court of the posture of the case.